[No. 13093.   Department Two.   May 13, 1916.]

P. M. Cartier Van Dissel *et al.,* *as Springdale Water Works, Appellants,* v. Holland-Horr Mill Company, *Respondent.*[1]

Master and Servant—Independent Contractors — Waters and Water Courses—Riparian Rights. An upper proprietor operating a sawmill is not liable to a lower proprietor for damages through the operation of splash dams by an independent contractor delivering logs to the mill, on the theory of owing a nondelegable duty to protect the lower proprietors from improper use of the stream.

Waters and Water Courses—Riparian Rights—Public Water Supply. The use of waters to supply the inhabitants of a town with water for domestic purposes is not a riparian right, and no recovery for damages to such use can be based upon rights as riparian owners.

Appeal from a judgment of the superior court for Stevens county, Sessions, J., entered June 29, 1914, dismissing an action for an injunction and for damages, tried to the court. Affirmed.

*Jesseph & Bourland,* for appellants.

*Peacock & Ludden,* for respondent.

Morris, C. J.—Action to enjoin the use and recover damages claimed to have been suffered by reason of certain acts of respondent with reference to Sheep creek, a small nonnavigable stream in Stevens county. Judgment below denying any relief.

Appellants, as a partnership doing business as the Springdale Water Works, and their predecessors have, since 1893, furnished water for domestic purposes to the town of Springdale, by damming the creek and pumping the water into a small reservoir upon a hillside, from which the water flows through pipes into the town. Respondent operates a sawmill about three miles up the creek from Springdale, maintaining a dam for the storage of logs. The complaint is

[1]Reported in 157 Pac. 687.

that, owing to the small quantity of water in Sheep creek, respondent operated splash dams to float logs down to its mill pond, the effect of which was to cut off appellants' supply of water while the water was being impounded by the splash dams, and forcing too much water down the creek, rendering the water unfit for use for several days after the splash dams were opened. There were three of these splash dams, located approximately a mile apart. They were built in 1910 by one Brown, who had a contract to deliver logs at the mill, and their use was confined to a few days in the fall of 1910, when, being found impracticable, they were abandoned.

A review òf the record convinces us that the judgment must be sustained. Brown was an independent contractor in the building and use of the splash dams. They were constructed by him against the advice of respondent, to enable him to fulfill his contract for the delivery of logs at the mill. Appellants admit that Brown was at liberty, under his contract, to choose his own method for delivering the logs to the mill, but contend that respondent was under the law obligated to prevent injury to appellant as a lower riparian owner, and hence respondent would be liable for the acts of Brown, because its (quoting from appellants' brief) "rights and duties, with reference to this stream, were nondelegable, and that by permitting the stream to be used by any of its agents or by one who, under other circumstances, would be an independent contractor, respondent became liable for their negligent and unlawful acts." The rule of nondelegable duty sometimes applied to municipalities, which appellant is seeking to lay hold of, has no application to a case like this. Brown's only contract was to cut and deliver logs at the mill at $4.50 per thousand. Under such a contract, no right or duty of any sort attached to respondent except to pay Brown upon a delivery of the logs. The case is so plainly within the independent contract rule that it is idle to discuss it.

Another bad feature in appellants' position is that they base their recovery upon their rights as riparian owners. The use of the waters of a stream to supply the inhabitants of a town with water for domestic purposes is in no sense a riparian right. *Rigney v. Tacoma Light & Water Co.*, 9 Wash. 576, 38 Pac. 147, 26 L. R. A. 425. The use not being riparian, there is no right of recovery for injuries to such use.

There is also presented a question of costs in which we find no merit.

The judgment is affirmed.

HOLCOMB, MAIN, PARKER, and CHADWICK, JJ., concur.